A. M. ALFONSO, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

En Banc.

Opinion filed February 21, 1929.

PER CURIAM.—This writ of error was taken to a judgment
of conviction on a charge of the statutory offense of unlaw-
ful carnal intercourse with an unmarried person of previous
chaste character, who at the time of such intercourse is
under the age of eighteen years. At the trial there was
no direct and positive evidence that the prosecuting witness
was unmarried at the time of the alleged carnal intercourse
with her, and the evidence from which such an inference
might be drawn, is very indefinite.

The court charged the jury as follows:

The State is required under the laws of this State to
prove every material allegation of the information to
your satisfaction and beyond a reasonable doubt. The
material allegations in the information are that within
Dade County and within two years before the filing of
the affidavit—the particular day does not make any dif-
ference—that this defendant had carnal sexual inter-
course with this prosecuting witness, Irma Richardson,
and that she was of previous chaste character and
under the age of eighteen years. Those are the essen-
tials in the case that you must believe the State has

proved to your satisfaction. If you believe that she is under the age of eighteen years, if you believe that she was of previous chaste character, and if you believe further that this man had sexual intercourse with her within two years before the filing of the indictment or information, then it would be your duty to convict him. If you have a reasonable doubt upon any of those points you should give him the benefit of that doubt and acquit him.

This charge wholly omits as an ingredient of the statutory offense charged, the essential element that the person with whom the defendant is alleged to have had unlawful carnal intercourse was unmarried at the time the offense was committed; and as this omission was not corrected by any other charge given, it was harmful error, particularly in view of other matters shown by the record including the indefinite nature of the evidence as to whether the prosecuting witness was married or unmarried at the time the alleged offense was committed upon her by the defendant.

The judgment of conviction is reversed for a new trial.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.